Justice Thomas,
concurring in the judgment.
For the reasons set forth by Justice Scalia, I seriously doubt that lawsuits are “petitions” within the original meaning of the Petition Clause of the First Amendment. See post, at 403-404 (opinion concurring in judgment in part and dissenting in part). Unreasoned statements to the contrary *400 in this Court’s prior decisions do not convince me otherwise. Like the Court, however, I need not decide that question today because “[t]he parties litigated the case on the premise that Guarnieri’s grievances and lawsuit are petitions protected by the Petition Clause.” Ante, at 387.
I also largely agree with Justice Scalia about the framework for assessing public employees’ retaliation claims under the Petition Clause. The “public concern” doctrine of Connick v. Myers, 461 U. S. 138 (1983), is rooted in the First Amendment’s core protection of speech on matters of public concern and has no relation to the right to petition. See post, at 404-407. I would not import that test into the Petition Clause. Rather, like Justice Scalia, I would hold that “the Petition Clause protects public employees against retaliation for filing petitions unless those petitions are addressed to the government in its capacity as the petitioners’ employer, rather than its capacity as their sovereign.” Post, at 407.
But I would not end the analysis after determining that a petition was addressed to the government as sovereign. Recognizing “the realities of the employment context,” we have held that “government has significantly greater leeway in its dealings with citizen employees than it does when it brings its sovereign power to bear on citizens at large.” Engquist v. Oregon Dept. of Agriculture, 553 U. S. 591, 600, 599 (2008). Even where a public employee petitions the government in its capacity as sovereign, I would balance the employee’s right to petition the sovereign against the government’s interest as an employer in the effective and efficient management of its internal affairs. Cf. Garcetti v. Ceballos, 547 U. S. 410, 419 (2006) (noting that employees “speaking as citizens about matters of public concern” still must “face . . . speech restrictions that are necessary for their employers to operate efficiently and effectively”); United States v. Treasury Employees, 513 U. S. 454, 492 (1995) (Rehnquist, C. J., dissenting) (“In conducting this bal- *401 an.ce [in the Speech Clause context], we consistently have given substantial weight to government employers’ reasonable predictions of disruption, even when the speech involved was on a matter of public concern”); O’Connor v. Ortega, 480 U. S. 709, 721-722 (1987) (plurality opinion) (balancing the “realities of the workplace” against the “legitimate privacy interests of public employees” to conclude that a warrant requirement would “seriously disrupt the routine conduct of business” and “be unduly burdensome”). In assessing a retaliation claim under the Petition Clause, courts should be able to conclude that, in instances when the petition is especially disruptive, as some lawsuits might be, the balance of interests may weigh in favor of the government employer.
Applying this framework, I would vacate the judgment and remand. The Court of Appeals erred with respect to both Guarnieri’s union grievance and his 42 U. S. C. § 1983 suit. First, even assuming the grievance was a petition, it was addressed to the local government in its capacity as Guarnieri’s employer. See post, at 408 (opinion of Scalia, J.). Second, Guarnieri addressed his § 1983 suit to the Federal Government in its capacity as sovereign, not to the local government as his employer. See ibid. But the Court of Appeals did not consider whether the local government’s interest as an employer “in achieving its goals as effectively and efficiently as possible” nevertheless outweighs Guarnieri’s interest in petitioning the Federal Government regarding his local employment. Engquist, supra, at 598 (internal quotation marks omitted). I would vacate and remand for the Court of Appeals to conduct that analysis in the first instance.